# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06     . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Donald F. Collins and Christine D. Collins

**Case Number:** 05-15747

### Document Information

**Description:** Order  Denying [14-1] Motion To Dismiss Bankruptcy by Tom Hawley, Cindy Hawley

**Received on:** 2005-10-26 15:22:40.000

**Date Filed:** 2005-10-26 00:00:00.000

**Date Entered On Docket:** 2005-10-26 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DONALD F. COLLINS and
CHRISTINE D. COLLINS,

No. 13-05-15747 MA

Debtors.

**ORDER DENYING MOTION TO DISMISS CASE**

THIS MATTER is before the Court on the Motion to Dismiss Case ("Motion to Dismiss") filed by Creditors Tom Hawley and Cindy Hawley, by and through their attorneys of record, Bill Gordon & Associates (Stephen C.M. Long). The Motion to Dismiss requests the Court to dismiss the Debtors' bankruptcy proceeding pursuant to 11 U.S.C. § 109(g) on grounds that the Debtors are ineligible because this case was filed less than 180 days after the Debtors' prior bankruptcy proceeding was dismissed for willful failure to abide by a court order. The Chapter 13 Trustee filed an objection to confirmation of the Debtors' proposed chapter 13 plan, also asserting that the Debtors are not eligible to be debtors under 11 U.S.C. § 109(g), and appeared at the final hearing in support of the Motion to Dismiss. Based on the testimony offered at the final hearing, the Court finds that the dismissal of the Debtors' prior bankruptcy proceeding was not the result of a willful failure to abide by an order of the Court. Consequently, the Debtors are eligible to be debtors and the Motion to Dismiss will be denied.

Most of the facts and procedural history associated with the Debtors' prior bankruptcy proceeding are not in dispute. Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 7, 2005. The Scheduling Order From Preliminary Confirmation Hearing ("Scheduling Order") provided that

All unfiled tax returns will be delivered to counsel fot hte IRS, Department of Labor and/or

1

> Taxation and Revenue Department no later than: April 29, 2005. If not, taxing authority counsel shall promptly file a certificate of non-compliance.
>
> Scheduling Order; Hawley Exhibit A.

On June 22, 2005, one day prior to the date scheduled for a hearing on confirmation of the Debtors' proposed plan, the New Mexico Taxation and Revenue Department filed a notice of non-receipt of tax returns, stating that it had not received the 2002 PIT return for Donald Collins, and had not received CRS tax returns for ID No. 02-966337-00-7 for January 2004 through May 2005, and had not received CRS tax returns for ID No. 02-338786-00-6 for February 2005 through May 2005. Taxation and Revenue Department's Notice of Non-Receipt of Taxes ("Notice of Non-Receipt of Taxes"); Hawley Exhibit B. The Court entered an Order Dismissing Bankruptcy Case on July 5, 2005, stating that "the debtors have failed to comply with the Court's order." Order Dismissing Bankruptcy Case; Hawley Exhibit C. In fact, the Debtors did not submit the 2002 PIT return or the CRS tax returns to the New Mexico Taxation and Revenue Department. Debtors filed this bankruptcy proceeding on July 14, 2005.

Debtors testified that they thought they were supposed to send all tax returns to the Chapter 13 trustee; that they mailed certain tax returns to the trustee; that because they had a copy of the 2002 PIT return for Donald Collins they assumed they must have mailed it; that they thought they had complied with the Scheduling Order; and that because of issues concerning an attempt to cancel a business registration with the New Mexico Taxation and Revenue Department and because they had not received certain CRS forms from the New Mexico Taxation and Revenue Department, not all CRS tax returns identified in the Notice of Non-Receipt of Taxes have been prepared or filed.

2

Section 109(g) limits a debtor's eligibility to file for relief under the Bankruptcy Code. If the debtor has been a debtor within 180 days of the filing of the debtor's present bankruptcy case and the debtor's prior bankruptcy case "was dismissed by the court for willful failure of the debtor to abide by orders of the court" the debtor is not eligible to be a debtor. 11 U.S.C. § 109(g)(1). A dismissal with prejudice to refiling within 180 days requires a finding of willfulness. *In re Fulton,* 52 B.R. 627, 632 (Bankr.D. Utah 1985) ("dismissal which precludes refiling for 180 days . . . must be predicated on either (1) willful failure of the debtors to abide by orders of the court, or (2) willful failure of the debtor to appear before the court in proper prosecution of the case."); *In re Hollis,* 150 B.R. 145, 148 (D.Md. 1993) ("section 109 specifically requires *willful* desregard of court orders for the bar to apply."). Willfulness requires intentional, knowing, deliberate behavior. *Fulton,* 52 B.R. at 633 (citations omitted); *Walker v. Stanley,* 231 B.R. 343, 347-348 (N.D.Cal. 1999) ("Although 'willful' is not defined in the bankruptcy code, courts interpret willful to mean 'deliberate or intentional.'") (citation omitted); *In re Ellis*, 48 B.R. 178, 179 (Bankr.E.D.N.Y. 1985) ("A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated "plain indifference.") (citations omitted). The debtor bears the burden of proving that the prior dismissal was not the result of a willful failure to abide by orders of the court. *In re Smith,* 286 B.R. 104, 106 (Bankr.W.D.Ark. 2002) (citing *Montomery v. Ryan (In re Montgomery),* 37 F.3d 413, 415-416 (8th Cir. 1994)); *Fulton,* B.R. at 634 (finding that debtors would be permitted to testify and present evidence at a hearing on a motion to dismiss that the prior dismissal was for some cause other than a willful failure to abide by the court's orders).

Based on the testimony of the Debtors, the Court finds that the Debtors' failure to submit the

required tax returns to the New Mexico Taxation and Revenue Department was not willful within the meaning of 11 U.S.C. § 109(g)(1). Debtors did not deliberately ignore the Scheduling Order or determine that they would not send the required tax returns. They mistakenly believed they had mailed all missing tax returns to the appropriate party, with the exception of the CRS returns for the business they no longer operated which Mr. Collins mistakenly believed he could not complete because he did not receive the CRS reporting forms relating to that tax identification number from the New Mexico Taxation and Revenue Department. Given section 109's purpose as "'an extraordinary statutory remedy for perceived abuses of the Code'", *Hollis,* 150 B.R. at 148 (quoting *In re Surace,* 52 B.R. 868, 871 (Bankr.C.D.Cal. 1985)), the Court does not find that the circumstances surrounding the dismissal of the Debtors' prior bankruptcy proceeding rise to the level of willfulness required to bar the refiling of a subsequent bankruptcy proceeding for 180 days. The Debtors, therefore, remain eligible for relief.

WHEREFORE, the Motion to Dismiss is DENIED.

/s/ Mark B. McFeeley
_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Ronald E. Holmes
Attorney for Debtors
112 Edith Blvd NE
Albuquerque, NM 87102 -3524

4

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW Suite 350
Albuquerque, NM 87102 -3111

Stephen C. M. Long
Attorney for Tom and Cindy Hawley
2501 Yale SE Ste 204
Albuquerque, NM 87106 -4357

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545