# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Donald F. Collins and Christine D. Collins

**Case Number:** 05-15747

### Document Information

**Description:** Order Resulting From Confirmation Hearing Re: [3-1] Chapter 13 Plan . IT IS ORDERED that debtors shall submit a confirmation order within 10 days of the entry of this Order. See this Order for specific details.

**Received on:** 2006-01-18 10:35:33.000

**Date Filed:** 2006-01-18 00:00:00.000

**Date Entered On Docket:** 2006-01-18 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   DONALD COLLINS and                                  No. 13-05-15747 MA
         CHRISTINE COLLINS,

Debtors.

## ORDER RESULTING FROM CONFIRMATION HEARING

THIS MATTER is before the Court on the hearing on confirmation of the Debtors' Chapter 13 plan of reorganization.  The Chapter 13 Trustee, State of New Mexico Taxation and Revenue Department ("NMTR"), Chase Home Finance LLC, f/k/a Chase Manhattan Mortgage Corporation ("Chase"), and Creditors Tom and Cindy Hawley each filed an objection to the Debtors' proposed plan.  The Court held a final hearing on confirmation on January 11, 2006 and took the matter under advisement.   At the final hearing, the Debtors represented on the record that they would make certain modifications to their proposed Chapter 13 plan to satisfy the objections of the Chapter 13 Trustee. Similarly, the Debtors have resolved the objections of NMTR and Chase.   Tom and Cindy Hawley (together, the "Hawleys") object to confirmation of the Debtors' Chapter 13 plan on grounds that the Debtors have not proposed their plan in good faith in that the plan provides for a minimal distribution to unsecured creditors and will discharge a large portion of the debt owing to the Hawleys which would have been non-dischargeable had the case been filed under Chapter 7 of the bankruptcy code.

At the final hearing on confirmation, Debtors raised for the first time the issue of whether the Hawleys have standing to object to confirmation, given that they had not timely filed a proof of claim in

1

the Debtors' bankruptcy proceeding.[1]  In light of the fact that the Debtors filed a prior Chapter 13 proceeding (Case No. 13-05-10110 SA) in which the Hawleys filed a proof of claim for the same amount claimed in this bankruptcy proceeding, and the fact that the Objection of Tom and Cindy Hawley to Confirmation of Chapter 13 Plan ("Objection") filed in this bankruptcy proceeding identifies their claim as a judgment in the sum of $21,148.46, the Court is satisfied that the Hawleys have met the requirements for an informal proof of claim which would give them standing to object to the Debtors' chapter 13 plan.[2]

Having considered the evidence presented at the final hearing, reviewed the relevant case law,

---

[1] The deadline for filing proofs of claim was November 15, 2005.  The Hawleys filed a proof of claim in this bankruptcy proceeding on January 11, 2006.

[2] The required elements for establishing an informal proof of claim are:
   1. the proof of claim must be in writing;
   2. the writing must contain a demand by the creditor on the debtor's estate;
   3. the writing must express an intent to hold the debtor liable for the debt;
   4. the proof of claim must be filed with the Bankruptcy Court; and
   5. based on the facts of the case, it would be equitable to allow the [proof of claim].
*In re Reliance Equities, Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992) (citing *In re Bowers,* 104 B.R. 362, 364 (Bankr.D.Colo. 1989)).

The Objection, filed well before the November 15, 2005 deadline for filing proofs of claim, constitutes a writing that was filed with the Bankruptcy Court, clearly identified the claim, expressed an intent to hold the debtor liable for the debt, and made a demand on the Debtors' estate.  The Debtors have been well aware of the Hawleys' claim since filing their prior Chapter 13 bankruptcy proceeding; therefore the equities weigh in favor of treating the Objection as an informal proof of claim and allowing the untimely filed proof of claim as an amendment thereto.  Under 11 U.S.C. § 1324, any party in interest may object to confirmation of a debtor's plan.  Having found that the Objection constitutes an informal proof of claim and allowing the untimely proof of claim as an amendment thereto, the Hawleys have standing to object to confirmation of the Debtors' proposed Chapter 13 plan.  Moreover, "parties in interest" for purposes of determining standing to object to confirmation of a Chapter 13 plan include any person "who has an interest in the property to be administered and distributed under the Chapter 13 plan." *In re Davis,* 239 B.R. 573, 579 (10th Cir. BAP 1999).

2

and being otherwise sufficiently informed, the Court finds that the Debtors' proposed plan of reorganization can be confirmed, provided the Debtors comply with certain additional requirements. In reaching this determination, the Court FINDS:

1. Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 17, 1998 as Case No. 13-98-11666 MA. That case was converted to Chapter 7 on May 9, 2001, and the Debtors received a discharge on August 16, 2001 (*See* Docket #65 and Docket # 70).

2. Debtors filed a second voluntary petition under Chapter 13 of the Bankruptcy Code on January 7, 2005, as Case No. 13-05-10110 SA. That bankruptcy proceeding was dismissed on July 5, 2005 for the Debtors' failure to timely file certain tax returns. (See Docket # 25).

3. Debtors filed the instant Chapter 13 proceeding on July 14, 2005.

4. Debtors' plan of reorganization proposes to make monthly payments of $245.00 each for a period of sixty months. Debtors' plan of reorganization filed in connection with Case No. 13-05-10110 SA proposed a thirty-six month plan with monthly payments in the amount of $215.00.

5. In 2003 Donald Collins formed a business entity called Diamond Custom Homes and Remodeling, LLC. *See* Debtors' Exhibit 4. Diamond Custom Homes and Remodeling is a limited liability company. *Id.*

6. Diamond Custom Homes and Remodeling, LLC holds a contractor's license issued by the State of New Mexico. Donald Collins is the qualifying party under the contractor's license. 7. Diamond Custom Homes and Remodeling, LLC entered into an agreement with Cindy Hawley in February 2004 for the purpose of remodeling two bathrooms at the Hawleys' residence. The agreed contract price was $24,000.00.

3

8. Debtor received payments under the contractor agreement, but did not use all of the funds he received for payment of labor and or materials in connection with the construction project at the Hawley residence. Debtor did not complete the project.

9. The Hawleys obtained a default judgment against Donald Collins, d/b/a Diamond Custom Homes and Remodeling, LLC in the amount of $21,148.46. *See* Hawley Exhibit D.

10. The debt to the Hawleys would be non-dischargeable in a Chapter 7 proceeding under 11 U.S.C. § 523(a)(4).[3]

---

[3]That section provides:
A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt --
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4).

Under Tenth Circuit precedent, licensed contractors who receive funds for a designated purpose and fail to use those funds for their intended purpose have committed a defalcation while acting in a fiduciary capacity sufficient for purposes of non-dischargeability under 11 U.S.C. § 523(a)(4). *See Allen v. Romero (In re Romero),* 535 F.2d 618 (10th Cir. 1976) (interpreting New Mexico contractor licensing statute, the predecessor to N.M.S.A. 1978 § 60-13-23(F) (Repl. Pamp. 2004) (providing that a contractor's license may be revoked based on a conversion of funds received for completion of a specific contract), and concluding that it imposed a fiduciary duty upon contractors in favor of the property owner within the meaning of 11 U.S.C. § 523(a)(4)); *Antlers Roof-Truss and Builders Supply v. Storie (In re Storie),* 216 B.R. 283, 286, 288 (10th Cir. BAP 1997) (upon a showing of fiduciary capacity, debtor must show that he complied with his fiduciary duty by accounting for the funds received). Debtor has admitted that he did not use all the funds he received from the Hawleys on materials or labor for the Hawleys' project.

Under New Mexico law, "[a] qualifying party who is issued a certificate of qualification is an individual who submits to be examined and who is responsible for the licensee's compliance with the Act." *State v. Jenkins,* 108 N.M. 669, 670, 777 P.2d 908, 909 (N.M. App. 1989) (citing N.M.S.A. 1978 § 60-13-2(E), (F)). Thus, even though the Debtor's limited liability company, Diamond Custom Homes and Remodeling, LLC, was the contracting party, Donald Collins, as qualifying party, remains individually responsible for any defalcation committed by his company. *See Woodworking*

4

11. Debtor no longer operates his contracting business. He now works for his step brother who owns a distributorship business. Debtor has formed a new business, Enchanted Enterprises, under which he conducts his distributing business. Enchanted Enterprises is operated as a sole proprietorship. Debtor earns a 15% commission based on sales of the distributorship's products to grocery stores, convenience stores, produce stores and gas stations.

12. Debtors have been submitting monthly operating reports for Enchanted Enterprises. Although the Operating Reports submitted for the months of July 2005 through November 2005 report New Mexico Gross Receipts taxes as expenses, not all of the gross receipts taxes have, in fact, been paid. Nor were copies of the CRS-1 forms attached to the operating reports. (*See* Debtors' Exhibit 3). Debtor's father-in-law has agreed to pay the outstanding gross receipts tax debt in the approximate amount of $800.00, and does not expect to be repaid through the Debtors' bankruptcy proceeding.

13. The operating reports do not reflect the personal draw Debtor has been taking from the income received by Enchanted Enterprises. Debtor testified that, in fact, he has been retaining for personal use all the net income from the operation of his business.

14. In order to confirm a plan, a debtor's plan must be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). A debtor's good faith in proposing a chapter 13 plan of reorganization is measured against the following relevant factors:

---

*Enterprises, Inc. v. Baird (In re Baird),* 114 B.R. 198, 205 (9th Cir. BAP 1990) (finding that corporate officers could not avoid the application of § 523(a)(4) by substituting the corporation as the fiduciary).

5

(1) the amount of the proposed payments and the amount of the debtor's surplus;
(2) the debtor's employment history, ability to earn and likelihood of future increases in income;
(3) the probable or expected duration of the plan;
(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;
(5) the extent of preferential treatment between classes of creditors;
(6) the extent to which secured claims are modified;
(7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7;
(8) the existence of special circumstances such as inordinate medical expenses;
(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;
(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and
(11) the burden which the plan's administration would place upon the trustee.

*Flygare v. Boulden,* 709 F.2d 1344, 1347 (10th Cir. 1983) (quoting *In re Estus,* 695 F.2d 311, 317 (8th Cir. 1982)).  "This list is not exhaustive, and the weight given each factor will necessarily vary with the facts and circumstances of each case." *Id.*

15.   The Debtors propose payments that will result in a minimal distribution to unsecured creditors.  However, they have agreed to contribute 50% of any net monthly income over $1,400.00 from the operation of the business toward the plan.  In addition, they have extended the length of their plan from thirty-six months as proposed in their prior Chapter 13 proceeding to sixty months, which is the maximum length allowed under the Code.  *See* 11 U.S.C. § 1322(d) ("the court may not approve a period that is longer than five years.").

16.   This is the third time the Debtors have filed for bankruptcy relief.  However, their first bankruptcy was discharged and closed prior to the time the debt to the Hawleys was incurred.  The second bankruptcy proceeding was dismissed for failure to submit unfiled tax returns.  Debtors have since reached an agreement with the taxing authorities to resolve the objections to their current Chapter 13 plan.  Debtors have represented to the Court that NMTR has agreed to file an amended proof of

6

claim reducing the amount of its claim, but that if NMTR fails to amend its claim, the Debtors will file an objection to the proof of claim.

17. Although the debt to the Hawleys would be non-dischargeable in a Chapter 7 proceeding, the Debtors' statements and schedules do not reflect significant non-exempt assets from which the Hawleys could satisfy their judgment. Debtors have agreed to contribute surplus income to their plan which will result in a larger distribution to creditors over the life of the plan than they would received were this a Chapter 7 case.

18. In weighing all the facts and circumstances, the Court does not find that the Debtors have failed to file their plan in good faith. Provided that the Debtors agree to the following additional modifications to their Chapter 13 plan, the Court concludes that 11 U.S.C. § 1325(a)(3) has been satisfied and the Debtors' plan can be confirmed:

    A. Beginning in the month of January 2006, Debtors shall contribute 50% of any net monthly income from the operation of Enchanted Enterprises in excess of $1,400.00 toward the plan. Payments of these excess amounts, if any, shall be made to the Chapter 13 Trustee on a monthly basis, the first payment due February 15, 2006 representing the month of January 2006, and on the fifteenth day of each successive month thereafter for the duration of the plan.

    B. Debtors must file with the Court and continue to provide to the Chapter 13 Trustee and counsel for the Hawleys copies of monthly operating reports for the operation of Enchanted Enterprises. Monthly operating reports are due on the fifteenth day of each successive month.

    C. Debtors must file all required tax returns, including monthly CRS-1 returns, and attach a copy of each such return that becomes due during the life of the plan to the monthly operating

report.

D. Debtors must open and maintain a separate business checking account for Enchanted Enterprises, deposit all income received from the operation of Enchanted Enterprises into this account, and deduct all business expenses from this account. Debtors shall attach a copy of the monthly bank statement for the business account of Enchanted Enterprises to the monthly operating reports.

E. Debtors shall attach to the monthly operating reports a copy of all commission and/or checks representing income to Enchanted Enterprises. All expenses must be paid by check or a receipt obtained and a copy attached to the appropriate monthly operating report.

F. Donald Collins must file an affidavit certifying that he understands how to keep basic business records and accounts within sixty days of the date of this Order.

WHEREFORE, IT IS HEREBY ORDERED, that the Debtors shall submit a confirmation order that incorporates the additional terms contained in this order as well as the stipulations reached with NMTR, Chase, and the Chapter 13 Trustee within ten days of the entry of this Order. If no such order is submitted, confirmation will be denied and this case will be dismissed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

8

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

| Ronald E. Holmes | Kelley L. Skehen | Stephen C.M. Long |
|---|---|---|
| Attorney for Debtors | Chapter 13 Trustee | Attorney for the Hawleys |
| 112 Edith Blvd. NE | 625 Silver Ave SW, Ste 350 | 2501 Yale SE, Ste. 204 |
| Albuquerque, NM 87102 | Albuquerque, NM 87102 | Albuquerque, NM 87106 |

*Patti G. Hennessy*
Patti G. Hennessy
Law Clerk
(505) 348-2545

9

Case 05-15747-j7    Doc 35    Filed 01/18/06    Entered 01/18/06 10:55:00 Page 10 of 10