# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: DONALD COLLINS and
CHRISTINE COLLINS,

No. 13-05-15747 MA

Debtors.

## ORDER DENYING DEBTORS' MOTION TO INCUR DEBT

THIS MATTER is before the Court on the Motion to Obtain Credit and Motion to Payoff Confirmed Chapter 13 Plan ("Motion"), filed by the Debtors, Donald Collins and Christine Collins, by and through their attorney of record, Ronald E. Holmes. The Court held a preliminary hearing on the Motion on August 16, 2006 and took the matter under advisement. Also pending is the Motion of Tom and Cindy Hawley to Dismiss Case ("Motion to Dismiss") which the Court took under advisement pending the outcome of this Motion.[1]

Having reviewed the Motion in light of the Debtors' Chapter 13 plan, the Order Resulting From Confirmation Hearing (Docket # 35) and the Order Confirming Chapter 13 Plan dated July 18, 2005 and Assumption of Executory Contract with Alltel ("Confirmation Order") (Docket # 38), the Court finds that the Debtors Motion impermissibly seeks to modify their confirmed Chapter 13 plan. Consequently, the Court will deny the Motion. In reaching this determination, the Court FINDS:

1. Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 14, 2005.

2. The Chapter 13 Plan, filed July 18, 2005, proposes monthly payments of $245.00 for

---

[1] The Court will address the Motion to Dismiss in a separate order.

1

sixty months, beginning August 15, 2005.

3. Tom Hawley and Cindy Hawley (together, the "Hawleys") hold a judgment against the Debtors in the amount of $21,148.46. This debt would be non-dischargeable in a Chapter 7 proceeding under 11 U.S.C. § 523(a)(4). *See* Order Resulting from Confirmation Hearing, ¶ 10, and n. 3.

4. The Hawleys objected to confirmation of Debtors' Chapter 13 plan on grounds that the Debtors had not proposed their plan in good faith inasmuch as the plan provided for a minimal distribution to unsecured creditors and would discharge a large portion of the debt to the Hawleys which would have been non-dischargeable had the Debtors filed a Chapter 7 proceeding.

5. Following a final hearing on confirmation of Debtors' Chapter13 plan, the Court entered an order concluding that if the Debtors made certain modifications to their Chapter 13 plan, their plan would comply with the good faith requirement contained in 11 U.S.C. § 1325(a)(3). The modifications required by the Order Resulting from Confirmation Hearing included the following: 1) that the Debtors contribute 50% of any net monthly income from the operation of their distributing business in excess of $1400.00 on a monthly basis over the life of their plan; and 2) that the Debtors file monthly operating reports, with copies provided to the Chapter 13 Trustee and to counsel for the Hawleys.

6. The Confirmation Order was entered on March 22, 2006, which included the terms from the Order Resulting from Confirmation Hearing and required the Debtors to provide copies of monthly operating reports to the Chapter 13 Trustee and to counsel for the Hawleys if the Debtor (Donald Collins) is self-employed.

2

7.  The Hawleys filed a Motion to Dismiss on March 22, 2006, asserting that the Debtors wilfully failed to comply with the Order Resulting from Confirmation Hearing by failing to submit a confirmation order within the time period specified by the Court in its Order Resulting from Confirmation Hearing and by failing to file with the Court or to furnish counsel for the Hawleys monthly operating reports. (Docket # 40).

8.  Operating reports for January and February were not filed until March 30, 2006.  (*See* Docket # 42 and #43).  The operating report for the month of March was filed April 24, 2006 (*See* Docket # 49) and the operating report for the month of April was filed June 3, 2006 (*See* Docket # 52). The operating reports for the months of May and June were not filed until July 26, 2006 (*See* Docket # 61 and Docket # 62).

9. At the final hearing on the Hawleys' Motion to Dismiss, Donald Collins testified that as of June 2006 he became a full-time employee of G & M Specialties, and never plans to become self-employed in the future.

10.  The Motion requests approval of a refinance of the Debtors' home in the estimated amount of $112,500.00, which the Debtors' report will provide approximately $30,000.00 in proceeds to be contributed to the Chapter 13 plan.  The Motion requests that the refinance serve as full payment of the amounts due under their plan.

11.  The total amount of the unsecured claims filed in the Debtors' bankruptcy exceeds $30,000.00.  The refinance will, therefore, not result in 100% payment to all creditors.

12.  A motion to incur debt which seeks to refinance a debtor's home and pay off a confirmed plan is tantamount to a request for modification of a debtor's plan pursuant to 11

3

U.S.C. § 1329.[2] *See In re Turek,* 346 B.R. 350, 353 (Bankr.M.D.Pa. 2006) (holding that "the early payoff of a chapter 13 plan is a modification of the confirmed plan" under § 1329); *In re Sunahara,* 326 B.R. 768 (9th Cir. B.A.P. 2005) (treating a motion to refinance and prepay chapter 13 plan as a motion to modify confirmed plan). *But compare, In re Murphy,* 327 B.R. 760, 770 (Bankr.E.D.Va. 2005) (acknowledging that early payoff of a chapter 13 plan is a modification under a literal application of § 1329, but finding that prepayment of a chapter 13 plan through refinance did not constitute a modification because such early payout had no prejudicial effect on any party); *In re Miller,* 325 B.R. 539, 542 (Bankr.W.D.Pa. 2005) (finding that no modification occurs when a plan is paid off early provided there is no change in the payment amount).

14. A proposed refinance that will not result in 100% payment to all creditors and that occurs sooner than thirty-six months into a plan is not prohibited under 11 U.S.C. § 1329. *See Sunahara,* 326 B.R. at 781 (concluding that "the plain language of § 1329(b) does not mandate satisfaction of the disposable income test of 1325(b)(1)(B) [payment of 100% of all claims or contribution to plan of disposable income for three-year period] with respect to modified plans."); *Turek,* 346 B.R. at 355 (noting that "[c]ourts are divided as to whether . . . the

---

[2]11 U.S.C. § 1329(a), governing modification after confirmation of a chapter 13 plan, provides:
> At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> (2) extend or reduce the time for such payments; or
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

4

'disposable income test' of § 1325(b)(1)(B) applies to a plan modification that provides for an early payoff.")(citing *Massachusetts Housing Fin. Authority v. Evora (In re Evora),* 255 B.R. 336, 342 (D.Mass. 2000) and *Sunahara,* 326 B.R. at 774-781 (surveying cases)) but agreeing with courts who apply the plain language of § 1329 to conclude that "a chapter 13 plan may be modified without meeting the disposable income test."). Thus, it is possible for a debtor to refinance his home to achieve an early payoff of his or her chapter 13 plan even if such payoff does not provide for payment of 100% of unsecured claims, provided the amount to be contributed is the equivalent of debtors' projected disposable income for thirty-six months, and provided the modification otherwise complies with the requirements of § 1325(a), as mandated by § 1329. *Sunahara,* 326 B.R. at 782; *Turek,* 346 B.R. at 354 (applying § 1322(a), § 1322(b) and § 1323(c) and the requirements of § 1325(a) to determine whether to approve request for modification under § 1329(b)). *But compare In re Keller,* 329 B.R. 697, 703 (Bankr.E.D.Cal. 2005) (approving debtors request to refinance, but finding that debtors could achieve early payment in full of their confirmed chapter 13 plan only by paying all creditors in full, or by requesting a modification of their plan and demonstrating that the requested modification meets the good faith requirement under § 1325(a)(3)).

13. The Motion constitutes a modification of Debtors' confirmed plan; it seeks to accelerate the payment date and relieve the Debtors of their ongoing obligations under the confirmed plan to submit monthly operating reports and commit 50% of any net monthly income from self-employment in excess of $1400.00 for the life of the plan.

14. Modification under 11 U.S.C. § 1329(a) requires satisfaction of the following: 11 U.S.C. § 1322(a) (submission of future income of the debtor to the supervision and control of the

5

trustee as is necessary to execute the plan); 11 U.S.C. § 1322(b) (full payment of all priority claims); 11 U.S.C. § 1323(c) (acceptance of modified plan by secured creditor, if secured creditor accepted plan, unless the modification changes such creditor's treatment under the plan); and 11 U.S.C. § 1325(a) (confirmation requirements). Sections 1322(a), 1322(b) and 1323(c) are not implicated by the Motion. The confirmation requirements under § 1325(a) include the good faith test, the best interest of creditors test, and the feasibility test. *See* 11 U.S.C. § 1325(a)(3), (4), and (6).

15. "In determining whether to authorize a modification that reduces a plan term to less than 36 months without full payment of allowed claims, the bankruptcy court should carefully consider whether the modification has been proposed in good faith." *Sunahara,* 326 B.R. at 781.

16. Confirmation of Debtors' chapter 13 plan, and satisfaction of the good faith requirement under 11 U.S.C. § 1325(a)(3) was predicated on the commitment by the Debtors to submit to further supervision by the Court and the Chapter 13 Trustee by the filing of monthly operating reports and by the commitment to fund the plan with 50% of net monthly income in excess of $1400.00 earned through self-employment. Granted, the refinance will generate significantly more than the base amount of $14,700.00 ($245.00 x 60 mos.) provided under the plan. But the confirmed plan included the possibility that additional excess income from self-employment would be contributed over the life of the plan. Allowing the Debtors to refinance their home and pay off their plan less than six months after confirmation of their plan, which was confirmed over the objection of a creditor holding a non-dischargeable debt, frustrates the commitment by the Debtors to submit to continuing supervision by the Bankruptcy Court and the Chapter 13 trustee and contribute excess income to the plan. Because the plan included these

6

additional requirements in order to satisfy the good faith test contained in 11 U.S.C. § 1325(a)(3), the Court cannot find that the Motion, which will relieve the Debtors of these additional obligations, meets all the requirements for modification under 11 U.S.C. § 1329.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Ronald E. Holmes
Attorney for Debtors
112 Edith Blvd NE
Albuquerque, NM 87102-3524

Steve H. Mazer
Attorney for Tom and Christine Hawley
2501 Yale Blvd SE Ste 204
Albuquerque, NM 87106-4357

Kelley L. Skehen
Chapter 13 Trustee
625 Silver SW, Suite 350
Albuquerque, NM 87102