## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:  DONALD COLLINS and                                      No. 13-05-15747 MA
        CHRISTINE COLLINS,

        Debtors.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss filed by Tom Hawley and

Cindy Hawley (together, the "Hawleys"), by and through their attorney, Bill Gordon &

Associates (Steve H. Mazer).  The Court held a final hearing on the Motion to Dismiss on

August 9, 2006 and took the matter under advisement pending the outcome of the Debtors'

Motion to Obtain Credit and Motion to Payoff Confirmed Chapter 13 Plan ("Motion to Incur

Debt and Prepay Chapter 13 Plan").  By separate order, the Court denied the Debtors' Motion to

Incur Debt and Prepay Chapter 13 Plan.   In view of the Court's denial of the Debtors' Motion to

Incur Debt and Prepay Chapter 13 Plan, and, after consideration of the record and the testimony

at the final hearing on the Motion to Dismiss, the Court concludes that the Motion to Dismiss

should be denied, subject to certain conditions.    In reaching this determination the Court

FINDS:

    1. Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July

14, 2005.

    2. Following a final hearing on confirmation of Debtors' Chapter13 plan, the Court

entered an order concluding that if the Debtors made certain modifications to their Chapter13

plan, their plan would comply with the good faith requirement contained in 11 U.S.C. §

1325(a)(3). *See* Order Resulting from Confirmation Hearing ("Order") (Docket # 35).  The

1

modifications required by the Order included the following: 1) that the Debtors contribute 50% of any net monthly income from the operation of their distributing business in excess of $1400.00 on a monthly basis over the life of their plan; and 2) that the Debtors file monthly operating reports, with copies provided to the Chapter 13 Trustee and to counsel for the Hawleys.   The Order also directed the Debtors to submit a confirmation order that incorporated the terms of the Order within ten days of the entry of the Order.

6.  The Confirmation Order was entered on March 22, 2006, more than ten days following the entry of the Order.

7.  The Confirmation Order included the terms from the Order and required the Debtors to provide copies of monthly operating reports to the Chapter 13 Trustee and to counsel for the Hawleys.

8.  The Hawleys filed a Motion to Dismiss on March 22, 2006, asserting that the Debtors wilfully failed to comply with the Order by failing to submit a confirmation order within the time period specified by the Order and by failing to file with the Court or to furnish counsel for the Hawleys monthly operating reports. (Docket # 40).

9.  Operating reports for January and February were not filed until March 30, 2006.  (*See* Docket # 42 and $43).  The operating report for the month of March was filed April 24, 2006 (*See* Docket # 49) and the operating report for the month of April was filed June 3, 2006 (*See* Docket # 52). The operating reports for the months of May and June were not filed until July 26, 2006 (*See* Docket # 61 and Docket # 62).

10.  Donald Collins testified at the final hearing on the Motion to Dismiss that as of the end of June 2006 he became a full-time employee of G & M Specialties, and never plans to

2

become self-employed in the future.

11.   The Debtor eventually filed operating reports for the period that he was self-employed, though they were untimely filed.   Counsel for the Hawleys asserted that he was never provided with copies of the operating reports, but such statement is not evidence.[1]   The Debtor testified that he provided the monthly operating reports to his attorney.

Based on the foregoing, the Court finds that the Debtors' failure to strictly comply with the Order is insufficient, at this time, to grant the Hawleys' Motion to Dismiss.   However, because the Court has denied the Debtors' Motion to Incur Debt and Prepay Chapter 13 Plan based on the fact that early payoff would impermissibly modify the confirmed plan and relieve the Debtors of their obligations under the confirmed plan, the Court finds that denial of the Motion to Dismiss must be conditioned upon the filing of an affidavit concerning the status of Donald Collins' employment on a quarterly basis.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is conditionally DENIED.

ORDERED FURTHER, that in the event Donald Collins earns any income from self-employment, he must file with the Court and provide to the Chapter 13 Trustee and to counsel for the Hawleys a monthly operating report on the fifteenth day of the successive month in which he earns such income, and commit 50% of any net monthly income from self-employment over

---

[1]Argument before the Court does not constitute evidence.  *See Wallace,* 298 B.R. 435, 441 (10th Cir. B.A.P. 2003), *aff'd,* 99 Fed.Appx. 870 (10th Cir. 2004) ("Opening statements are not evidence.") (citing  *Exeter Bancorporation, Inc. v. Kemper Sec. Group, Inc.*, 58 F.3d 1306, 1312 n. 5 (8th Cir.1995) (quoting  *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir.1994), for the proposition that "'[s]tatements of counsel are not evidence'  and do not create issues of fact.") (remaining citations omitted).

$1400.00 toward the plan, as required by the Confirmation Order.  Debtors shall continue to be bound by the terms of the Confirmation Order; and

ORDERED FURTHER, that withing 15 days of the quarter ending September 30, 2006, and for each quarter thereafter for the life of the plan, if Donald Collins earns no income from self-employment, he must file with the Court and provide a copy to counsel for the Hawleys and to the Chapter 13 Trustee an affidavit stating that he has earned no income from self-employment during the preceding quarter.

MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Ronald E. Holmes
Attorney for Debtors
112 Edith Blvd NE
Albuquerque, NM 87102-3524

Steve H. Mazer
Attorney for Tom and Cindy Hawley
2501 Yale Blvd SE Ste 204
Albuquerque, NM 87106-4357

Kelley L. Skehen
Chapter 13 Trustee
625 Silver SW, Suite 350
Albuquerque, NM 87102